# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| ANTONIOS DIMOULAS, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | 1:19-cv-00536-DBH |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION AFTER REVIEW
## OF PLAINTIFF'S COMPLAINT

In the complaint filed in this action, Plaintiff alleges that the defendants unlawfully separated him from his two minor children. (Complaint, ECF No. 1.) Plaintiff has named twenty-five defendants, including two state court judges, a family law magistrate, three attorneys, and several school officials.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 8.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). After a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

### STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss

the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

Plaintiff alleges that the defendants kidnapped and separated his minor children from him. (Complaint at 5.) Plaintiff, however, has not alleged any facts regarding the conduct of any individual defendant. Rather, Plaintiff's allegations "devoid of [the] further factual enhancement" necessary to state a cause of action. *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557 (internal quotation marks omitted)). Plaintiff, therefore, has failed to assert an actionable claim.

Furthermore, given the nature of the claim and the identity of the named defendants, Plaintiff appears to be challenging the result of state court proceedings regarding the custody of his minor children. To the extent that Plaintiff's claim constitutes a challenge to a state court judgment, Plaintiff's complaint is precluded under the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *Walczak v. Mass. State Retirement Bd.*, 141 F.3d 1150 (1st Cir. 1998) (unpublished) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)).

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

# **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of December, 2019.